UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
READING DIVISION

| | |
|---|---|
| BROCH CHRISTOPHER CLINTON, <br><br> Plaintiff, <br><br> v. <br><br> HOLIDAY INN VACATIONS, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 5:26-cv-01231 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** BROCH CHRISTOPHER CLINTON ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of HOLIDAY INN VACATIONS, INC. ("Holiday Inn") ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq.*, in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff lives in the Eastern District of Pennsylvania, Defendant conducts business in the Eastern District of Pennsylvania, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Pennsylvania.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18 years of age, who, at all times relevant, resided in Lancaster, Pennsylvania.

5. Defendant is the corporate entity behind the Holiday Inn Club Vacations timeshare and vacation ownership program. Defendant's principal place of business is located at 9271 South John Young Parkway, Orlando, Florida 32819.

**FACTS SUPPORTING CAUSE OF ACTION**

6. Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania under Case No. 23-11553-pmm.

7. The bankruptcy case proceeded in the ordinary course, and on September 14, 2023, the Bankruptcy Court entered an Order of Discharge. As a result of that discharge, all eligible pre-petition unsecured debts were eliminated.

8. Among the debts ("subject account") included in the bankruptcy was a timeshare obligation owed to Holiday Inn.

9. The subject account had been opened on or about August 5, 2022, carried an original balance of approximately $18,228, and arose entirely before the bankruptcy filing.

10. Plaintiff did not reaffirm this debt, enter into any post-discharge agreement, or otherwise assume any continuing personal obligation on the account following the discharge.

11. Despite the bankruptcy discharge, Holiday Inn continued to furnish credit information concerning the timeshare account to Experian Information Solutions, Inc. that treated the obligation as if it remained active, collectible, and severely delinquent.

12. Rather than reflecting that the subject account had been discharged with no remaining balance owed by Plaintiff, the tradeline continued to report a substantial outstanding

balance, significant past-due amounts, and an ongoing pattern of missed payments extending well beyond the date of the discharge.

13. The reporting created the false appearance that Plaintiff had failed to make required payments for years after his bankruptcy and that he remained personally responsible for the debt.

14. In an effort to correct these inaccuracies, Plaintiff initiated a formal dispute process. On August 24, 2024, Plaintiff submitted a complaint through the Consumer Financial Protection Bureau disputing inaccurate credit reporting appearing on his Experian credit file, including issues related to identity and the continued reporting of accounts that should no longer have been reflected as delinquent following bankruptcy.

15. The CFPB transmitted Plaintiff's dispute to Experian and Holiday Inn for investigation and response. Over the following weeks, Experian provided interim responses asserting that it was reviewing the matter and that its procedures complied with applicable requirements.

16. However, on October 23, 2024, Experian closed the CFPB complaint without correcting the disputed inaccuracies, leaving the Holiday Inn Club Vacations tradeline unchanged and continuing to reflect post-bankruptcy balances and delinquencies.

17. Holiday Inn failed to reasonably investigate Plaintiff's credit disputes. In spite of the fact that the subject account being apart of Plaintiff's Bankruptcy.

18. After observing that the inaccurate reporting persisted, Plaintiff took additional steps to dispute the account directly with Experian.

19. On December 18, 2025, Plaintiff submitted a written dispute specifically identifying the Holiday Inn Club Vacations account and challenging the continued reporting of

post-bankruptcy balances, past-due amounts, required monthly payments, and ongoing delinquency.

20.     Plaintiff clearly explained that the subject account had been included in his Chapter 7 bankruptcy and discharged more than two years earlier. In support of the dispute, Plaintiff provided documentation confirming the bankruptcy filing and discharge, along with identifying information sufficient to allow Experian to conduct a meaningful review.

21.     Experian completed its reinvestigation and issued dispute results between January 4 and January 6, 2026.

22.     In those results, Experian stated that Holiday Inn Club Vacations had certified the information as accurate and that the tradeline would remain unchanged. At that time, Experian continued to report the Holiday Inn Club Vacations account with a balance of approximately $17,974 and past-due amounts ranging from roughly $9,524 to more than $10,500 during the latter part of 2025. The tradeline reflected a required monthly payment of $304, an "open" and seriously delinquent status, and a payment history showing continuous 30-day, 60-day, 90-day, 120-day, 150-day, and 180-day late payments extending from at least March 2023 through December 2025, well after the bankruptcy discharge. Experian's reinvestigation notation expressly stated that the item remained unchanged following the January 2026 dispute processing.

23.     Plaintiff's credit report continues to present materially false and misleading information suggesting that Plaintiff remained obligated on the Holiday Inn Club Vacations account and had repeatedly failed to make payments long after his bankruptcy discharge.

24.     Holiday Inn continued to furnish and verify this inaccurate information to Experian, despite the fact that the debt had been discharged and could no longer be reported as an

active, past-due, or delinquent obligation. The continued verification of a discharged timeshare account as open, carrying a substantial balance, and accruing escalating delinquencies caused ongoing harm to Plaintiff's creditworthiness, reputation, and ability to obtain credit, and forms the basis of this action.

### IMPACT OF INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE

25. As of today, Defendant's erroneous reporting continues to paint a false and damaging image of Plaintiff. Defendant has yet to update its reporting to accurately reflect the discharged status of the subject account.

26. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, credit capacity, and his ability to move forward after his bankruptcy discharge.

27. The inaccurate and incomplete reporting of subject account continue to have significant adverse effects on Plaintiff's credit rating because it creates a false impression that Plaintiff is still obligated to pay the subject account, rendering Plaintiff a high-risk consumer and damaging his creditworthiness.

28. The inaccurate reporting of the subject account caused Plaintiff to be denied of financing opportunities.

29. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, time expended meeting with his attorneys, tracking the status of his dispute, monitoring his credit file, and mental and emotional pain and suffering.

30. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting.

### COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

31. Plaintiff restates and reallages paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

33. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

34. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. § 1681a(t).

35. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by § 1681a(d)(1).

36. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, and Plaintiff.

37. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian, and Plaintiff pursuant to 15 U.S.C. § 1681i(a)(2).

38. Had Defendant reviewed the information provided by Experian, and Plaintiff, it would have corrected the inaccurate designation of the subject account, transmitting the correct information to Experian. Instead, Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

39. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's dispute with Experian.

40. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate, incomplete, and misleading reporting with respect to the subject account.

41. Defendant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's credit file.

42. Defendant failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of Plaintiff's dispute from Experian under 15 U.S.C. § 1681i(a)(1).

43. Despite the blatantly obvious errors in Plaintiff's credit file, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or the trade line to report accurately and completely. Instead, Defendant wrongfully furnished and re-reported the inaccurate, incomplete, and misleading information after Plaintiff's dispute to one or more third parties.

44. Moreover, Defendant failed to report the subject account as discharged in bankruptcy.

45. A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported in Plaintiff's credit file.

46. Had Defendant taken steps to investigate Plaintiff's valid dispute or Experian's request for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to support his valid dispute in his requests for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

47. By deviating from the standards established by the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

48. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff BROCH CHRISTOPHER CLINTON, respectfully requests this Honorable Court enter judgement in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

| | |
|---|---|
| Dated: February 25, 2026 | Respectfully Submitted, |
| | <u>*/s/ Alexander J. Taylor*</u><br>Alexander J. Taylor, Esq.<br>*Counsel for Plaintiff*<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 575-8181 (phone)<br>ataylor@sulaimanlaw.com |